IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

BOOBYYAA MANDINGO,

    Plaintiff,

vs.                                    Case No. 5:08cv42/RS/EMT

GEO GROUP, INC., et al.,

    Defendants.

---

**ORDER, REPORT AND RECOMMENDATION**

    This cause is before the court on Plaintiff's civil rights complaint filed pursuant to 42 U.S.C. § 1983 on February 7, 2008 (Doc. 1). Also pending is Plaintiff's motion for leave to proceed in forma pauperis (Doc. 2). Good cause having been shown, Plaintiff's motion to proceed in forma pauperis shall be granted.

    Because Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). Upon review of the complaint, it appears that this case should be dismissed as malicious. Plaintiff completed section IV.C. of the civil rights complaint form, which asks "Have you initiated other actions . . . in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" (Doc. 1 at 4). Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "no" (*id.*). Thus, Plaintiff has in effect stated that he

has initiated no lawsuits in federal court that otherwise relate to his imprisonment.  Section IV.D. of the civil rights complaint form asks "Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?  Where there is a parenthetical area to mark either a "yes" or "no" answer to this question, Plaintiff marked "no" (*id.*).  Thus, Plaintiff has in effect stated that he has initiated no other lawsuits in federal court that were dismissed prior to service.  At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "I declare under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct." (*id.* at 7).

Upon review of the file, this court takes judicial notice that as of the date Plaintiff filed the instant complaint, he had previously filed Case No. 8:98cv2203/EAK in the United States District Court for the Middle District of Florida.[1]  Further review reveals that the aforementioned case certainly dealt with Plaintiff's imprisonment, as Plaintiff was confined at the Florida State Prison ("FSP") when he initiated the action, and he named as Defendants the Secretary of the Florida Department of Corrections, Judge Brant C. Downey, III, and State Attorney Robert Butterworth (*see* Case No. 8:98cv2203/EAK (M.D. Fla.), Doc. 1).  The case was dismissed prior to service as being frivolous by Chief United States District Judge Elizabeth A. Kovchevich on October 30, 1998 (*see* Case No. 8:98cv2203/EAK (M.D. Fla.) (Doc. 3)).  The court also takes judicial notice that as of the date Plaintiff filed the instant complaint, he had previously filed Case No. 8:94cv782/EAK in the United States District Court for the Middle District of Florida.  Further review reveals that the aforementioned case dealt with Plaintiff's imprisonment, as Plaintiff was confined at FSP when he initiated the action, and he named as Defendants Everett Rice, Pinellas County Sheriff's Department, and "Medical Department" (*see* Case No. 8:94cv782/EAK (M.D. Fla.) (Doc. 1)).  The case was dismissed prior to service as being malicious by Chief United States District Judge Elizabeth A. Kovchevich on June 1, 1994 (*see* Case No. 8:94cv782/EAK (M.D. Fla.) (Doc. 3)).  Finally, the court takes judicial notice that as of the date Plaintiff filed the instant complaint, he had previously filed

---

[1]Although Plaintiff filed earlier cases under the name of Keith Mason, the records of the Florida Department of Corrections reveal that this is an alias of Plaintiff (*see* http://www.dc.state.fl.us/ActiveInmates/detail.asp?Bookmark=1&From=list&SessionID=500655714).  Moreover, the inmate numbers of the plaintiff in the earlier cases (#250833) are the same as Plaintiff's.

Case No. 8:94cv410/HLA in the United States District Court for the Middle District of Florida. Further review reveals Plaintiff was confined to FSP when he initiated the action, and he named as Defendants the Pinellas County Sheriff, Sheriff Everett Rice, and the Sheriff's employees and agents (*see* Case No. 8:94cv410/HLA (M.D. Fla.) (Doc. 1)). The case was dismissed prior to service as being frivolous by United States District Judge Henry L. Adams, Jr. on March 17, 1994 (*see* Case No. 8:94cv410/HLA (M.D. Fla.) (Doc. 3)).

The information from Section IV of the form is useful to the court in a number of ways. First, the court uses this information to determine whether Plaintiff is subject to the "three strikes" provision of the Prison Litigation Reform Act of 1995. *See* 28 U.S.C. § 1915(g). The information also helps the court to consider whether the action is related to or should be considered in connection with another action, or whether a holding in another action affects the current action. Further, since prisoner plaintiffs generally proceed pro se, the information helps the court to determine their litigation experience and familiarity with the legal terrain of the current action.

By his untruthful answers, Plaintiff has inhibited the efficiency of the court in making these determinations. Plaintiff has affirmatively misrepresented the facts to this court. Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior actions was required and that dismissal of the action may result from his untruthful answers. If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. And, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause without prejudice. Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions. *See* Warren v. Guelker, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it is **ORDERED**:

Plaintiff's motion to proceed in forma pauperis (Doc. 2) is **GRANTED**.

And it is respectfully **RECOMMENDED**:

That this cause be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

At Pensacola, Florida, this 10th day of March 2008.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only</u>.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* **28 U.S.C. § 636;** <u>United States v. Roberts,</u> **858 F.2d 698, 701 (11th Cir. 1988).**